1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   ANNETTE I. WHITE,

8                              Plaintiff,          NO:  13-CV-0057-TOR

9          v.                                      ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                      JUDGMENT
    Commissioner of Social Security
11  Administration,

12                              Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 12, 13).  Plaintiff is represented by D. James Tree.  Defendant

16  is represented by David J. Burdett.  The Court has reviewed the administrative

17  record and the parties' completed briefing and is fully informed.  For the reasons

18  discussed below, the Court grants Defendant's motion and denies Plaintiff's

19  motion.

20  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

1  "substantial gainful activity," the Commissioner must find that the claimant is not

2  disabled.  20 C.F.R. § 416.920(b).

3       If the claimant is not engaged in substantial gainful activities, the analysis

4  proceeds to step two.  At this step, the Commissioner considers the severity of the

5  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6  "any impairment or combination of impairments which significantly limits [his or

7  her] physical or mental ability to do basic work activities," the analysis proceeds to

8  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9  this severity threshold, however, the Commissioner must find that the claimant is

10 not disabled.  *Id.*

11      At step three, the Commissioner compares the claimant's impairment to

12 several impairments recognized by the Commissioner to be so severe as to

13 preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14 § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15 enumerated impairments, the Commissioner must find the claimant disabled and

16 award benefits.  20 C.F.R. § 416.920(d).

17      If the severity of the claimant's impairment does meet or exceed the severity

18 of the enumerated impairments, the Commissioner must pause to assess the

19 claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20 defined generally as the claimant's ability to perform physical and mental work

1    activities on a sustained basis despite his or her limitations (20 C.F.R.

2    § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

3         At step four, the Commissioner considers whether, in view of the claimant's

4    RFC, the claimant is capable of performing work that he or she has performed in

5    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6    capable of performing past relevant work, the Commissioner must find that the

7    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8    performing such work, the analysis proceeds to step five.

9         At step five, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing other work in the national economy.

11   20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12   must also consider vocational factors such as the claimant's age, education and

13   work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

14   Commissioner must find that the claimant is not disabled.  20 C.F.R.

15   § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

16   analysis concludes with a finding that the claimant is disabled and is therefore

17   entitled to benefits.  *Id.*

18        The claimant bears the burden of proof at steps one through four above.

19   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

20   the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on

November 6, 2009, alleging an onset date of September 1, 2007.  Tr. 138-41.  Her

claim was denied initially and on reconsideration.  Tr. 88-91, 97-99.  Plaintiff

appeared (by video) for a hearing before an administrative law judge on August 4,

2011.  Tr. 21, 41-85.  The ALJ issued a decision on August 19, 2011, finding that

Plaintiff was not disabled under the Act.  Tr. 21-32.

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since November 6, 2009, the amended application date.  Tr. 23, 21.

At step two, the ALJ found that Plaintiff had severe impairments, but at step three

the ALJ found that Plaintiff did not have an impairment or combination of

impairments that met or equaled the listing of impairment.  Tr. 23-25.  The ALJ

determined Plaintiff had the RFC to:

> perform less than a full range of light work as defined in 20 CFR
> 416.967(b). She can lift 10 pounds frequently and 20 pounds
> occasionally. In an 8-hour day, she can sit for about 6 hours and can
> walk and/or stand for about 6 hours. She cannot climb ladders, ropes,
> or scaffolding. She can balance and stoop frequently. She can kneel,
> crouch, and crawl occasionally. She can climb ramps and stairs
> occasionally. She can handle, finger, and feel frequently with both
> upper extremities; she has no limitations in reaching. She should

avoid all exposure to industrial vibrations and even moderate exposure to mild vibrations. She should avoid moderate exposure to hazards. She can understand, remember, and carryout simple, routine, repetitive tasks. She should not work in a job with production rate for pace; instead, the job should require meeting goals. She can have only occasional, superficial contact with the public. She cannot sustain attention and concentration for extended periods but can maintain attention and concentration for the two hour intervals generally required between regularly scheduled breaks.

Tr. 25-25. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 30. At step five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy in representative occupations such as a housekeeping/cleaner, pricer/marker, and laundry worker. Tr. 31. Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made. Tr. 31-32.

Plaintiff requested review by the Appeals Council, Tr. 17, which was denied on December 4, 2012, Tr. 1-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.

Plaintiff has identified three issues for review.  First, whether the ALJ improperly rejected the opinions of Plaintiff's treating and examining medical providers.  ECF No. 12 at 9.  Second, whether the ALJ improperly rejected Plaintiff's subjective complaints.  *Id*. at 10.  Third, whether the ALJ failed to identify the jobs Plaintiff could perform in light of her specific functional limitations.  *Id*.

## DISCUSSION

### A. Opinions of Plaintiff's Medical Providers

Plaintiff contends the ALJ improperly rejected the opinions of her examining medical providers, including those of Dr. Duris, Dr. Toews, and Mr. Moen.  ECF No. 12 at 12.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate

1    reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d

2    at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

3          Plaintiff contends that on April 26, 2011, Dr. Mark Duris, Ph.D., completed

4    a psychological assessment and noted that depression and intrusive recollections of

5    trauma would markedly interfere with her work activities. Tr. 386.  Dr. Duris

6    diagnosed her with mood disorder, post-traumatic stress disorder, and adult

7    antisocial behavior. Tr. 386.  Dr. Duris found marked or severe limitations in her

8    ability to: communicate and perform effectively in a work setting with limited

9    public contact, communicate and perform effectively in a work setting with public

10   contact, and maintain appropriate behavior in a work setting. Tr. 387.  Dr. Duris

11   found moderate limitations in her ability to: understand, remember, and persist in

12   tasks following complex instructions; learn new tasks; and perform routine tasks

13   without undue supervision. Tr. 387.  However, Dr. Duris also found that

14   medication has been shown to assist in relieving these symptoms, and he estimated

15   that Plaintiff would only be impaired for 6 months.  Tr. 388.

16         The ALJ gave little weight to Dr. Duris' opinion because he did not provide

17   objective findings that were entirely consistent with his opinion.  Tr. 30 ("the

18   opinions are not consistent with the overall record and do not contain evaluations

19   with objective findings that show such severe limitations").  The ALJ also

20   observed that even "Dr. Duris noted that some of the claimant's reported

1   symptoms were inconsistent with his observations and findings and that the

2   claimant was likely engaging in negative impression management.  *Id.*, Tr. 383-84.

3   These are specific and legitimate reasons for not giving Dr. Duris' controverted

4   conclusions controlling weight.

5          Plaintiff also contends the ALJ summarily rejected Mr. Moen's assessment

6   without providing adequate reasons.  ECF No. 12 at 13.  Mr. Moen, MSW, found

7   that Plaintiff had marked depression and many moderate limitations in work

8   related functions.  Tr. 374, 377.  Like Dr. Duris' opinion, the ALJ gave little

9   weight to Mr. Moen's opinion because he did not provide objective findings that

10  were entirely consistent with his opinion.  Tr. 30 ("the opinions are not consistent

11  with the overall record and do not contain evaluations with objective findings that

12  show such severe limitations").  The ALJ also rejected Mr. Moen's GAF scoring

13  because "[t]he scores are largely predicated on subjective reports and reflect few

14  specific functional limitations because they include consideration of multiple

15  factors not correlated with impairment related occupational difficulties."  Tr. 30,

16  376.  The ALJ did not err in rejecting the unsupported checkbox form filled out by

17  Mr. Moen, a non-medical source (a social worker).  Tr. 372-79.

18         Next, Plaintiff contends that the ALJ gave significant weight to the May 1,

19  2010 opinion of Dr. Toews, but "failed to incorporate [Dr. Toews'] opinion that

20  from the time of his evaluation, she would continue to be unable to work for at

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

least another 6-9 months even with proper psychosocial treatment." ECF No. 12 at

15. Here, the ALJ made the following findings:

> The undersigned gives some weight to the medical opinion of
> consultative examiner, Jay Toews, Ed.D. He concluded that the
> claimant was cognitively intact; could remember multi-step
> instructions; and could interact with coworkers and supervisors. With
> continued abstinence and some psychosocial support, she would be
> able to resume full time employment in 6-9 months. [Tr. 333-36] Dr.
> Toews examined the claimant and his opinion is generally consistent
> his objective findings. However, I included more restrictive mental
> limitations in the residual functional capacity above in order to take
> into consideration some of claimant medically unsupported subjective
> complaints.

Tr. 29. Plaintiff does not explain how this finding is erroneous or not supported by

substantial evidence. No harmful error has been shown.

The ALJ's findings are supported by substantial evidence in the record.

**B. Plaintiff's Subjective Complaints**

Plaintiff next contends that the ALJ improperly discredited Plaintiff's

subjective complaints. ECF No. 12 at 16-17. Evaluating the credibility of a

claimant's testimony regarding subjective symptoms requires the ALJ to engage in

a two-step analysis. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir.

2007). "First, the ALJ must determine whether the claimant has presented

objective medical evidence of an underlying impairment which could reasonably

be expected to produce the pain or other symptoms alleged." *Id.* at 1036 (internal

citations and quotation marks omitted). A claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527. The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir. 1996)). Nor may the ALJ discredit the subjective testimony as to the severity of the symptoms "merely because they are unsupported by objective medical evidence." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998). On the other hand, "the medical evidence is still a relevant factor in determining the severity" of the claimant's limitations. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living

activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, most significantly, the ALJ noted evidence suggesting malingering, Tr. 28, 383-84, which is sufficient by itself to discount Plaintiff's credibility. But there is more. The ALJ also noted Plaintiff's extensive criminal history, and her failure to consistently follow prescribed treatment despite reporting that it improved her symptoms. Tr. 28, 334, 383, 411, 429. The ALJ also pointed to Plaintiff's daily activities, such as her stated ability to attend to her personal care, prepare meals, shop for groceries, use public transportation, do laundry and other household chores, as consistent with the residual functional capacity she was found to have. Tr. 28, 328, 334-35, 174-181. The ALJ concluded:

> [T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible for the reasons below.
>
> ***In order to give appropriate consideration to the claimant's allegations, the undersigned included various limitations in the residual functional capacity assessment above that are based on the claimant's subjective report; the objective medical evidence shows fewer limitations. Regardless, as discussed [ ] below, the claimant is still not precluded from all work.***

Tr. 26 (emphasis and bold in original, citation omitted).  The ALJ fully evaluated all the objective medical evidence and made detailed and specific findings. Substantial evidence supports those findings.

## C. Available Jobs Considering Plaintiff's RFC

Plaintiff contends that the ALJ findings at step five were erroneous because the vocational testimony on which she relied was without evidentiary value as it was provided in response to in incomplete hypothetical.  ECF No. 12 at 18. Specifically, Plaintiff contends the ALJ's hypothetical failed to account for the marked limitations identified by Dr. Duris and the moderate limitations identified by Mr. Moen.  *Id*. at 19.  As indicated above, the Court has rejected Plaintiff's challenge to the ALJ's findings regarding Dr. Duris and Mr. Moen.

Plaintiff also contends that the ALJ's RFC failed to account for the osteoarthritic changes in her hands as well as the effects of carpal tunnel. ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    12 at 18.  These two medical conditions, Plaintiff reasons, would cause significant

2    interference in her ability to handle, grip, and manipulate objects.  *Id*.  Plaintiff has

3    not otherwise supported this argument with any citation to the record.  Accordingly,

4    the Court can decline to further address this issue.  *See Carmickle v. Comm'r, Soc.*

5    *Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address

6    plaintiffs argument "because [plaintiff] failed to argue this issue with any

7    specificity in his briefing.").  Nonetheless, the Court will briefly address Plaintiff's

8    contention.

9           The ALJ noted Plaintiff alleged pain in her . . . hands, and imaging studies

10    revealed only minimal abnormalities in . . . one finger of the right hand.  Tr. 23-24.

11    The ALJ proceeded to the step two analysis:

12           Regardless, looking at the evidence in the light most favorable to
             claimant, I will go ahead and find that "neck pain," "back pain,"
13           bilateral carpal tunnel syndrome, right hand arthritis, and bilateral
             bunions are severe impairments.
14

15    Tr. 24.  While finding that Plaintiff's impairments do not meet or equal a listing of

16    impairment, the ALJ found, "The objective medical evidence does not show the

17    inability to perform fine and gross movements effectively."  *Id*.  The ALJ

18    supported this broad statement with detailed findings and citations to the objective

19    medical evidence. Tr. 27.

20    *///*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Plaintiff has failed to show that the ALJ's underlying findings are unsupported by substantial evidence and thus, the ALJ's RFC finding is not erroneous.

A district court may not substitute its judgment for that of the Commissioner.  If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina*, 674 F.3d at 1111.

Substantial evidence in the record supports the ALJ's findings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** March 21, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16